UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CHRISTOPHER LOWELL CORBIN, | ) |
| Plaintiff, | ) Case No. 5:06-cv-197 |
| v. | ) Honorable Robert Holmes Bell |
| CLINTON COUNTY JAIL, | ) |
| | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

Plaintiff, an inmate of the Clinton County Jail, filed a *pro se* complaint naming the jail as a defendant and setting forth a claim arising from an alleged attack against plaintiff by a fellow inmate. Pursuant to the provisions of the Prison Litigation Reform Act, the magistrate judge reviewed the complaint to determine whether it was frivolous, malicious, or failed to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. On January 10, 2007, the magistrate judge issued a report and recommendation concluding that the complaint should be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Alternatively, the magistrate judge concluded that the complaint fails to state a claim upon which relief can be granted against the Clinton County Jail, which is not a juridical person subject to suit under 42 U.S.C. § 1983. Plaintiff has filed a "Protest of Dismissal," which the court will construe as a timely objection to the report and recommendation of the magistrate judge. This court affords *de novo* review to the recommendations of a magistrate judge on dispositive matters. FED. R. CIV. P. 72.(b).

In response to the conclusion that he has not exhausted administrative remedies, plaintiff now asserts that no grievance procedure exists at the Clinton County Jail. In response to the magistrate judge's other conclusions, plaintiff purports to set forth an "addendum" to his original statement of claim, in which plaintiff now attempts to sue Wayne Kangas, the Clinton County Sheriff, and Norman Moinet, whose role at the jail is unidentified. Plaintiff's "addendum" goes on to allege in vague fashion that Moinet and the Sheriff somehow allowed a fellow prisoner's misconduct to occur and that the Sheriff is responsible for failure to provide medical treatment.

In light of the decision of the Supreme Court in *Jones v. Bock*, ___ U.S. ___ (2007), issued after the report and recommendation of the magistrate judge, plaintiff's alleged failure to exhaust administrative remedies is no longer grounds for dismissal of a case on initial screening. The court will therefore vacate that portion of the report and recommendation, on account of an intervening change in law. The deficiencies in the merits of plaintiff's claim, however, are not so easily remedied. Plaintiff's original complaint was brought against the county jail alone, which is an improper defendant, and plaintiff has provided no reason why the court should not dismiss the jail from this litigation. Furthermore, plaintiff's purported "addendum" does little to clarify the nature of his claim or to inform the court or the putative defendants of the acts or omissions leading up to a constitutional violation.

The court will therefore dismiss plaintiff's first complaint for failure to state a claim upon which relief can be granted. Plaintiff will be given leave to file a first amended complaint within thirty days hereof, specifically identifying the defendants against whom he seeks to bring a civil rights action. The amended complaint must clearly allege the acts and omission of each putative defendant; plaintiff may not rely on the type of conclusory allegations found in his

addendum, which merely asserts that the defendants are somehow responsible for the alleged attack on plaintiff.  If plaintiff files an amended complaint within the time allowed, the court will screen that document as required by the PLRA and determine whether it should be served.  If plaintiff fails to do so, this action will be dismissed for failure to prosecute.

    An order conforming with this memorandum opinion will be entered.


Date:   January 23, 2007                  /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               CHIEF UNITED STATES DISTRICT JUDGE